# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Medical Informatics Engineering, Inc., Customer Data Security Breach Litigation, | MDL No. 2667 |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF GREULICH'S MOTION FOR TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA AND IN SUPPORT OF TRANSFER TO THE DISTRICT OF KANSAS

Defendant Medical Informatics Engineering ("MIE") respectfully submits that the District of Kansas is a viable venue for the Related Actions to be transferred. Defendant believes that the District of Kansas is the most appropriate venue for transfer, and supports Plaintiff Herbert Schuttler's Interested Party Response in Opposition to Greulich Plaintiff's Motion for Transfer to the Southern District of California, and in Support of Transfer to the District of Kansas, for three significant reasons. First, the District of Kansas is centrally located and easily accessible for all parties and witnesses. Second, the Honorable Kathryn H. Vratil and the Honorable John W. Lungstrum possess extensive experience in complex actions and have demonstrated a commitment to expedited resolution of complex matters. Third, the District of Kansas has favorable docket conditions.

Pursuant to 28 U.S.C. § 1407, Defendant files this memorandum in support of Plaintiff Herbert Shuttler's Interested Party Response in Opposition to Greulich Plaintiff's Motion for Transfer to the Southern District of California, and in Support of Transfer to the District of Kansas, filed on August 25, 2015, (Doc. No. 3).

Defendant seeks transfer and consolidation or coordination of at least seventeen (17) known actions (the "Related Actions") pending in five (5) separate federal district courts against Defendant asserting similar claims that stem from the same set of alleged facts.

## ARGUMENT

### I. TRANSFER OF THE RELATED ACTIONS TO ONE COURT FOR CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407.

The principal goal of 28 U.S.C. § 1407(a) is to conserve judicial resources, promote efficient management of litigation, and avoid inconsistent pretrial rulings. These goals are best served by transferring the Related Actions for coordination or consolidated pretrial proceedings. Section 1407 authorizes the Judicial Panel on Multidistrict Litigation (the "Panel") to transfer two or more civil cases for coordinated pretrial proceedings upon a determination that (1) they "involve[e] one or more common questions of fact"; (2) transfer will further "the convenience of parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of the actions." 28 U.S.C. § 1407(a); *see, e.g.*, *In re Cutter Labs, Inc. "Braunwald-Cutter" Aortic Heart Valve Prods. Liab. Litig.*, 465 F. Supp. 1295, 1296 (J.P.M.L. 1979); *see also* MANUAL ON COMPLEX LITIGATION § 22.33 at 366 (4th ed. 2004) (goals of 28 U.S.C. § 1407 are to avoid duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of parties, counsel, and the courts).

Defendant agrees that transfer of the Related Actions to the same court for consolidated or coordinated proceedings is appropriate because the Related Actions' Complaints purport to arise from the same event, a breach at MIE, and assert similar or overlapping legal theories. Consolidation or coordination before one court will ensure the efficient management of the litigation and avoid duplicative discovery. Transfer and consolidation of the Related Actions to the District of Kansas, Kansas City satisfies each of the elements set forth in § 1407(a).

## A. The Related Actions Involve Common Questions of Law and Likely Common Pretrial Discovery.

Each of the Related Actions alleges that Plaintiffs and all Class Members suffered injuries and damages as a result of MIE's May 7th, 2015 data privacy event.  Plaintiffs allege that MIE (1) failed to adequately and properly safeguard personally identifiable information and protected health information for each of the 3.9 million affected individuals; (2) knew, or should have known, that its safeguards and policies were not sufficient to prevent intrusion by a third-party; (3) failed to disclose to members of the proposed classes that its safeguards and policies were not sufficient to prevent intrusion by a third party; and (4) failed to disclose in a timely and accurate manner to members of the proposed classes the material facts of the data privacy event.  Plaintiffs in the Related Actions generally contend that they can represent a class of persons similarly aggrieved. Defendant's response to the amenability of the asserted claims to class action treatment will raise similar legal issues for each action.

The Panel consistently holds that cases involving overlapping factual and legal issues are particularly appropriate for transfer. *See, e.g., In re Inter-Op Hip Prosthesis Prod. Liab. Litig.*, 149 F. Supp. 2d 931, 933 (J.P.M.L. 2001) (transferring cases to MDL court where "[t]he actions . . . present complex common questions). Unlike class action jurisprudence which requires that common questions of law and fact predominate, Section 1407 does not require a majority of common factual issues as a condition for transfer. *See* 28 U.S.C. § 1407(a); *In re Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005); *cf.* Fed. R. Civ. P. 23(b)(3) (stating that a class action may be maintained if "questions of law and fact common to class members predominate over all questions affecting only individual members..."). Therefore, the common questions presented here are sufficient to satisfy Section 1407.  Accordingly, consolidation or coordination is appropriate here because the Related Actions allege common issues of law and fact.

## B. Consolidation or Coordination for Pretrial Proceeding Will Further the Convenience of Parties and Witnesses.

Consolidation or coordination of the Related Actions will serve the convenience of both the parties and witnesses. Discovery in each of these actions will involve many of the same witnesses, documentary evidence, and experts. Consolidation of these actions will avoid duplicative, redundant, and costly discovery proceedings, and avoid repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See, e.g., In re Dept. of Energy Stripper Well Exemption Litig.*, 472 F. Supp. 1282 (J.P.M.L. 1979) (stating that transfer will conserve the efforts of all parties and witnesses); *Ingram v. Cessna Aircraft Co. (In re Cessna 208 Series Aircraft Prods. Liab. Litig.)*, 408 F. Supp. 2d 1349, 1350 (J.P.M.L. 2005) (stating that consolidation was necessary where common questions existed to eliminate duplicative discovery and conserve the resources of the parties, their counsel and the judiciary); *In re Seroquel Prod. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) (same). Therefore, consolidation or coordination is appropriate here because it will further the convenience of both parties and witnesses.

## C. Consolidation or Coordination for Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Related Actions.

Consolidation or coordination of the Related Actions will promote the just and efficient conduct of the actions. Since the Related Actions contain overlapping issues and will likely involve common discovery requests of Defendant, each will involve the similar pretrial issues. Consolidation or coordination will eliminate the likelihood of duplicative proceedings that might result in inconsistent rulings and will prevent judicial resources from being wasted needlessly. *See In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (stating that "transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common

4

issues to proceed concurrently with discovery on common issues … and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the benefit of the parties."); *In re Bank of Am. Wage & Hour Empl. Practices Litig.*, 706 F. Supp. 2d 1369, 1370 (J.P.M.L. 2010) (stating that consolidation under Section 1407 prevents inconsistent pre-trial rulings); *In re A.H. Robins Co. "Dalkon Shield" IUD Prod. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (concluding that transfer was necessary to prevent duplication of discovery and to eliminate the possibility of conflicting pretrial rulings). In addition, centralization in class action cases is especially important as it ensures there is a consistent treatment of class action issues. *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977). Therefore, consolidation or coordination is appropriate as it will promote a just and efficient resolution of the actions.

### D. There is Sufficient Numerousity to Support Transfer and Consolidation.

There are currently seventeen (17) cases pending before five (5) different judges in five (5) separate jurisdictions. The Panel has consistently ordered consolidation and transfer of three or more cases. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 228 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (transferring and consolidating two cases); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer and consolidation of two cases); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer and consolidation of three cases involving complex issues). Further, where, as here, the actions share numerous complex questions of fact, the Panel has consolidated a relatively small number of actions. *See In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidating two actions that arose from the same factual circumstances and shared numerous

complex questions of fact). Defendant believes that a significant number of actions exist to support the transfer and consolidation of the Related Actions.

## II. THE DISTRICT OF KANSAS IS THE MOST APPROPRIATE FORUM FOR TRANSFER AND CONSOLIDATION.

In determining the most appropriate transferee forum, the Panel considers, among other things, "where the largest number of cases is pending, where discovery has occurred, where the cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized . . . the experience, skill, and caseloads of available judges," and whether the proposed district provides an accessible location. *See* Manual for Complex Litigation (Fourth) § 20.131 (2005); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) (Panel considered the convenience of the parties and witnesses, location of relevant documents, stage of pretrial proceedings, and the status of civil dockets).

### A. The District of Kansas is Centrally Located and Easily Accessible.

The District of Kansas, Kansas City, is centrally located and is easily reached by all of the states implicated so far in this proceeding. In fact, the Panel has transferred numerous actions to the District of Kansas and recognized the benefits of its central location for nationwide litigation. *See In re Bank of Am.*, 706 F. Supp. 2d at 1371-72 (consolidating and transferring actions to the District of Kansas due to its central location for parties in the nationwide litigation); *In re Dept. of Energy*, 472 F. Supp. at 1286 (stating that "[s]ince this litigation is nationwide, the geographically central location of the District of Kansas also commends its selection as the transferee district."); *In re Cessna*, 408 F. Supp. 2d at 1350 (stating that the District of Kansas is geographically convenient ). The District of Kansas is serviced by the Kansas City International Airport. Kansas City International Airport is

serviced by 11 airlines.[1]  These eleven major airlines provide daily, nonstop service to forty-three major cities in the United States, Canada, and Mexico.[2]  Therefore, the District of Kansas will allow for the convenience of all parties since it is easily accessible.

### B.   The District of Kansas Has Experienced MDL Judges.

The Panel has determined that it is best to focus on the "transferee judge with the time and experience to steer this litigation on a prudent course and sitting in a district with the capacity to handle this litigation. " *In re Motor Fuel Temperature Sales Practices Litig.*, 493 F. Supp. 2d 1365, 1367 (J.P.M.L. 2007).  Senior Judge Kathryn H. Vratil and Senior Judge John W. Lungstrum have significant experience overseeing complex litigation and have the capacity to handle this litigation.

Judge Vratil has twenty-three years of experience on the federal bench.  She received her juris doctor degree from the University of Kansas.  Judge Vratil was appointed to the United States District Court for the District of Kansas in 1992 and is the first woman named to the United States District Court for the District of Kansas.  She served as Chief Judge for the district from January 2008 to April 2014.  Judge Vratil is extremely experienced with complex litigation and was a member of the Panel from 2004 to 2013.  In fact, the Panel has recognized her experience and ability to handle complex litigation. *See In re Motor Fuel, Temperature Sales Practices Litig.*, 493 F. Supp. 2d at 1366 (stating that the Panel was "confident in [Judge Vratil's] ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of these claims").

---

[1] http://www.flykci.com/flight-information/airlines-at-kci/, last visited on September 11, 2015.

[2] http://www.flykci.com/flight-information/nonstop-destinations/ last visited on September 11, 2015.

Judge Lungstrum has twenty-four years of experience on the federal bench. Judge Lungstrum also received his juris doctor degree from the University of Kansas. He was appointed to the United States District Court for the District of Kansas in 1991. Judge Lungstrum served as the Chief Judge for the district from January 2001 until December 2007. Like Judge Vratil, the Panel has recognized Judge Lungstrum's experience overseeing complex litigation. *See In re Bank of Am.*, 706 F. Supp. 2d at 1372 (transferring and consolidating twelve actions before Judge Lungstrum and stated that "[m]ore specifically and of paramount important, Judge John W. Lungstrum has the experience, energy and time to handle this litigation efficiently.").

In short, Judge Vratil and Judge Lungstrum are distinguished jurists who have extensive experience in complex litigation, including multidistrict matters, which is another factor that supports transfer and consolidation of these actions in the District of Kansas.

### C. Judicial Caseload Statistics Support Transfer to the District of Kansas.

The District of Kansas' docket is not unduly congested, and has the capacity to handle this litigation. As of March 31, 2015, the average median time from filing to disposition was 9.0 months.[3] Importantly, only 4.1% of the District of Kansas' cases were over three years old.[4]

The District of Kansas has experience handling MDLs. Specifically, the District of Kansas has resolved fourteen MDLs, with only three MDLs pending.[5] Accordingly, the District of Kansas has both the experience handling MDL cases and the capacity to handle this case now.

---

[3] http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/03/31-2; http://www.jpml.uscourts.gov/statistics-info, last accessed September 11, 2015.

[4] *Id.*

[5] http://www.jpml.uscourts.gov/sites/jpml/files/JPML_Terminated_Litigations-2014.pdf, last visited September 11, 2015.

## CONCLUSION

For the foregoing reasons, the Related Actions, and any subsequently filed actions raising similar claims, should be transferred to a single district for consolidated or coordinated proceedings. Defendant respectfully submits that the litigation is most appropriately transferred to the District of Kansas.

DATED: September 15, 2015   Respectfully submitted,

          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

        By: /s/ Claudia D. McCarron
           Claudia D. McCarron
           550 E. Swedesford Road, Suite 270
           Wayne, Pennsylvania
           215.977.4100 (telephone)
           215.966.4101 (facsimile)
           Claudia.McCarron@lewisbrisbois.com

           Attorneys for Defendant,
           Medical Informatics Engineering, Inc.

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Medical Informatics Engineering, Inc., Customer Data Security Breach Litigation, | MDL No. 2667 |

### PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Response in Opposition to Plaintiff's Motion to Transfer to the Southern District of California was served upon all counsel of record on the date below via the Court's electronic filing system.

DATED: September 15, 2015          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  /s/ Claudia D. McCarron
     Claudia D. McCarron
     550 E. Swedesford Road, Suite 270
     Wayne, Pennsylvania
     215.977.4100 (telephone)
     215.966.4101 (facsimile)
     Claudia.McCarron@lewisbrisbois.com

     Attorneys for Defendant
     Medical Informatics Engineering, Inc.