**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

_____
                                     )
**IN RE: MEDICAL INFORMATICS         )**
**ENGINEERING, INC., CUSTOMER        )**
**DATA SECURITY BREACH LITIG.        )**     MDL Docket No. 2667
                                     )
_____)

**RESPONSE TO MOTION FOR TRANSFER AND**
**COORDINATION PURSUANT TO 28 U.S.C. § 1407**

Susan G. Jones, Plaintiff in the action styled *Jones v. Medical Informatics Engineering, Inc.*, Case No. 1:15-cv-00215-RLM-TAB (N.D. Ind.), hereby responds to the Motion for Transfer and Coordination pursuant to Judicial Panel Rule 7.2(c). Mrs. Jones does not oppose transfer and coordination, but respectfully submits that the United States District Court for the Northern District of Indiana is the appropriate venue.

Transfer and centralization for coordinated or consolidated proceedings will facilitate the efficient resolution of the 15 actions against Medical Informatics Engineering, Inc. ("MIE"), avoid the duplicative discovery of third parties, and, most importantly, alleviate the risk of inconsistent rulings in cases that present many of the same factual and legal issues.

**PROCEDURAL BACKGROUND**

On or about May 26, 2015, MIE publicly announced that a data breach of its electronic records occurred. The data breach resulted in the release of the medical, financial, and personal information of patients of numerous healthcare providers and organizations, the majority of which are located in Indiana. Information released in this breach includes confidential medical records, health insurance policy information, Social Security numbers, birthdays, addresses, financial information, and phone numbers.

Even though MIE has reported that hackers gained access to its servers on May 7, 2015, at the latest, MIE waited until May 26, 2015 to issue a public statement that it was aware of a cyberattack. MIE did not begin to mail notice letters to individuals informing them of the breach until July 17, 2015.

Mrs. Jones filed her action against MIE on August 14, 2015. *See Jones v. Medical Informatics Engineering, Inc.*, Case No. 1:15-cv-00215-RLM-TAB (N.D. Ind.). Mrs. Jones's complaint asserts causes of action for (1) negligence; (2) breach of contract and breach of implied contract; (3) bailment; (4) unjust enrichment; and (5) violation of the Indiana Deceptive Consumer Sales Act. *Id.* at ¶ 4. Mrs. Jones seeks to represent a nationwide class of MIE customers who were harmed by this data

breach as well as a subclass of Indiana customers under the Indiana Deceptive Consumer Sales Act.  *Id.* at ¶¶ 63-67.

## ARGUMENT

I. **Consolidation Is Warranted Under 28 U.S.C. § 1407.**

Based on the common questions of fact and law to be addressed in all of the subject cases, consolidation is proper. *E.g.*, *In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009).  Moreover, if multiple cases move forward, there will be duplication of effort.  *E.g.*, *In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347, 1348-49 (J.P.M.L. 2006).  Therefore, Mrs. Jones does not oppose consolidation.

This Panel routinely consolidates nationwide data breach cases. *See, e.g.*, *In re Anthem, Inc., Customer Data Sec. Breach Litig.*, ___ F. Supp. 3d ___, MDL No. 2617, 2015 WL 3654627 (J.P.M.L. June 8, 2015); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1338 (J.P.M.L. 2014); *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357 (J.P.M.L. 2012); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011). In these types of cases, the Panel has recognized that centralization will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."  *Target*, 11 F. Supp. 3d at 1338.  Centralization

3

will also "eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 1338-39. Therefore, the MIE actions should be consolidated in one Court for pre-trial purposes. *Id.* at 1339. Consolidation is certainly warranted here.

## II. **The Northern District of Indiana Is the Appropriate Venue.**

While Mrs. Jones does not oppose consolidation, she does not support transfer to the Southern District of California or the District of Kansas. Respectfully, Mrs. Jones submits that the most appropriate transferee court is the Northern District of Indiana. Indiana is where MIE is headquartered, where 1.5 million class members are located, where the majority of the medical facilities harmed by the data breach are located. The Northern District of Indiana is where the most filed cases against MIE are pending.

MIE is headquartered in Fort Wayne, Indiana. This Panel has often found that the location of a defendant's headquarters in a data breach case supports transfer to that district. *E.g., In re Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1381 (J.P.M.L. 2013); *In re The Home Depot, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2583, 2014 WL 7006970, at *2 (J.P.M.L. Dec. 11, 2014) (same); *In re*

*Supervalu, Inc., Customer Data Sec. Breach Litig.,* MDL No. 2586, 2014 WL 7263354, at *1 (J.P.M.L. Dec. 16, 2014) (same).

The advocates for transferring these cases to the District of Kansas, Southern District of California, or other non-Indiana locales ignore the fact that, of the medical facilities that MIE has announced have been affected, 44 (out of 56) are located in Indiana, with the others being located in Ohio and Michigan. Advocates for the District of Kansas or Southern District of California also downplay the fact that Indiana has been hardest hit by the MIE data breach based on the fact that 1.5 million of the nearly 4 million class members are individuals in the state of Indiana. Moreover, transfer to the Northern District of Indiana is appropriate in light of the fact that the relevant evidence and witnesses will be found that district based on the location of MIE's headquarters in Fort Wayne, Indiana.

Finally, transfer to the Northern District of Indiana is also ideal in light of the fact that 10 of the 15 MIE actions and potential tag-along actions are pending there, the most of any district. This factor also supports transfer to the Northern District of Indiana. *See, e.g., In re The Home Depot, Inc., Customer Data Sec. Breach Litig.,* 2014 WL 7006970, at *2 (transferring data security breach cases to the district where 19 of 31 actions were pending); *In re Target Corp. Customer Data Sec. Breach Litig.,* 11 F. Supp. 3d at 1339 (transferring data

security breach cases to the district where twenty-five actions were pending); *In re TJX Cos., Inc., Customer Data Sec. Breach Litig.*, 493 F. Supp. 2d at 1383 (transferring data security breach cases to the district were "many actions are already pending"). In contrast, only one case is pending in the Southern District of California and only one case is pending in the District of Kansas. The Northern District of Indiana is the ideal transferee district.

## CONCLUSION

Mrs. Jones does not oppose consolidation of her case into MDL 2667, but supports consolidation in the Northern District of Indiana.

DATED this 15th day of September, 2015.

>  */s/ G. Franklin Lemond, Jr.*
>  G. Franklin Lemond, Jr.
>  WEBB, KLASE & LEMOND, LLC
>  1900 The Exchange, SE
>  Suite 480
>  Atlanta, Georgia 30339
>  Email: FLemond@WebbLLC.com
>
>  *Counsel for Plaintiff Susan G. Jones*